Nott, J.,
dissenting:
It has been decided by the Supreme Court that where the officers of the Executive Departments have given a construction favorable to the Government for a long time to a statute, and Congress has regulated its appropriations accordingly, there the true construction of the statute is no longer an open question. It seems to me (though I confess the Supreme Ooflrt may be of a different opinion) that it is a poor rule which will not work both ways. I also think that a statutory construction favorable to claimants by the executive officers should be even more binding upon the Government than one which is strictly conducive to its own interests.
The statute now under consideration has always been held by the auditing officers of the Treasury to embrace just such cases as the one now before us. The fact of this construction is sufficiently evidenced by the cases which have been before this court. Reed's Case, (4 C. Cls. R., p. 132.) The auditing officers, at the same time, have never extended their favorable construction to cases like that of Guttman, the distinction made at the Treasury apparently resting on the fact that in the one case there was an implied contract springing out of a threatened impressment, which the owner did not voluntarily seek, and which was sought and compelled by the Government, while in the other case the contractor voluntarily sought and obtained an express contract, in which he inserted no clause of liability on the part of the Government. The distinction *399 made between the cases, in other words, was, that when the officers of the Government forced an implied contract upon the owner, they in- effect made it the mselves according to the terms of the statute; but when the owner voluntarily entered into an express contract, he in effect made it himself, and left it open to the construction which would be given to it as between any other two parties. The construction now given to the statute by this court, upon the authority of Guttman’s Case makes the broader distinction, that when the owner retained the possession of his vessel and discretion as to her immediate control or navigation, the risk remained with him, as though it were a case of express contract. If the question were an open one, I am inclined to think that this would be the better construction.
But the construction given by the Treasury to the statute in effect made the Government assume the relation of an insurer of a boat thus used for military purposes. The consequence has been that the o fficers of the Government, when estimating / the compensation which they thought proper to allow, have taken into consideration this character of insurer on the part of the Government, and have fixed the compensation at a lower rate than -they would have allowed if the owner had been his own insurer.
This court has held the same, (Reed’s Case, above cited,) and Congress has year after year appropriated money to give effect to the awards of the Auditor for such damages. I may add, that the same construction has been given by different Attorneys-General to the statute, and that in the recent argument of ex-Attorney-General Evarts, before the Judiciary Committee of the House of Representatives in regard to the Alabama claims, he cites the opinion of Ex-Attorney-General Hoar as to this identical claim for the steamer Robert Campbell, jr., relying upon it as sufficient authority for the subrogation of an insurance company in a right of action against the Government. What all parties have thus united in regarding as the true construction of the statute had better be left, I think, undisturbed, even though the construction is less philosophical and less clear than the one which the judiciary would give.